UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DIANA HERNANDEZ, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| DIRECT GENERAL INSURANCE COMPANY | § | |

## DEFENDANT DIRECT GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Direct General Insurance Company ("Direct") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1. This lawsuit arises from an auto accident which occurred between Plaintiff Hernandez and Direct's insured, Steven Soliz. In a related state court action styled, Cause No. CL-13-3977-F; *Diana Hernandez v. Steven Soliz*, In the County Court at Law No. 6 of Hidalgo County, Texas, Hernandez took a default judgment against Soliz in the amount of approximately $108,000 and obtained a turnover order from the state court, purportedly transferring to Hernandez all causes of action against Direct purportedly owned by Soliz. Hernandez now files this direct action against Direct, attempting to recover causes of action which Hernandez represented to the state court to be owned by Soliz. **See generally Exhibit D**.

## II. PROCEDURAL BACKGROUND

2. On March 10, 2016, Plaintiff Diana Hernandez filed an Original Petition initiating an action against Defendant Direct in the 275th Judicial District Court of Hidalgo County, Texas, bearing Cause No. C-1152-16-E ("the State Court Action"). **See Exhibit D.** No jury demand was made in the State Court Action. *Id*.

3. Direct was served with the Original Petition in the State Court Action on March 22, 2016. **See Exhibit E.**

4. Direct has not filed an Answer in the State Court Action. This Notice of Removal is being filed no later than the State Court answer deadline of Monday, April 18, 2016.

5. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.

6. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III. BASIS FOR REMOVAL

7. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Direct pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. According to Plaintiff's state court pleadings, Plaintiff Hernandez is a citizen of the state of Texas and resides in Hidalgo County. **See Exhibit D at II.** Defendant Direct is incorporated under the laws of Indiana and maintains its principal place of business in Tennessee, and thus is a citizen of both states for purposes of diversity jurisdiction. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Indiana and Tennessee, complete diversity of citizenship exists among the parties.

9. Plaintiff's Original Petition is silent as to the amount of Plaintiff's alleged damages and violates TEX. R. CIV. P. 47, which requires the petition to identify the amount of monetary relief sought.

10. When a plaintiff's pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] The default judgment which Plaintiff took against Soliz, and which is discussed in Plaintiff's state court petition and apparently forms the basis of Plaintiff's actual damage claims, awards damages totaling approximately $108,000. Plaintiff now sues Direct for recovery of the damages awarded in the default judgment as well as "actual damages" Plaintiff alleges were additionally incurred resulting from nine (9) separately additional causes of action. In light of this default judgment and the incorporation of the default judgment into Plaintiff's damage claims against Direct, it is reasonably clear that the amount in controversy in connection with the causes of action Plaintiff is now asserting against Direct exceeds $75,000, exclusive of interest and costs.[2] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

11. Removal to the Southern District of Texas, McAllen Division is proper because the state court action is pending in Hidalgo County, which is part of the McAllen Division.

12. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Direct has filed with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, (d) the state court docket sheet, (e) an index of matters being filed, and (f) a list of counsel of record and the parties represented. **See attached Exhibits A-E.** In compliance with Local Rule 81, which requires that *only* the listed documents be attached, Direct has not attached any other documents to this Notice of Removal.

---

[1] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[2] *See Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

13. In compliance with 28 U.S.C. § 1446(d), Direct hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

14. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and Defendant is a citizen of Indiana and Tennessee. The amount in controversy, based on the available evidence, exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

15. Defendant demands a jury in this removed action.

16. THEREFORE, Defendant Direct General Insurance Company respectfully requests that the above-entitled action be removed from the 275th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

*/s/ Christopher W. Martin*

**Christopher W. Martin**
State Bar No. 13057620
Federal I.D. 13515
808 Travis Street, 20th Floor
Houston, Texas 77002
Email: martin@mdjwlaw.com
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P**.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**Barrie J. Beer**
State Bar No. 02040750
Federal I.D. 14677
beer@mdjwlaw.com
**Amber R. Dunten**
Texas Bar No. 24010004
Federal I.D. 31660
dunten@mdjwlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of **Defendant Direct General Insurance Company's Notice of Removal** was served this 15th day of April, 2016 on the following counsel of record by the method specified:

| | |
|---|---|
| Rene Castellanos<br>Law Offices of Rene Castellanos<br>4817 South Jackson Road<br>Edinburg, Texas 78539 | *Via Fax: (956) 631-9551 and*<br>*Email: court@renecastellanos.com* |

*/s/ Barrie J. Beer*
Barrie J. Beer