# EXHIBIT D

# CERTIFIED PLAINTIFF'S ORIGINAL PETITION

CAUSE NO. C-1152-16-E
_____

| | | |
|---|---|---|
| DIANA HERNANDEZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DIRECT GENERAL | § | |
| INSURANCE COMPANY, | § | |
| Defendant | § | OF HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DIANA HERNANDEZ, hereinafter referred as "Plaintiff" and makes this, her Original Petition complaining of DIRECT GENERAL INSURANCE COMPANY, hereinafter referred as "Defendant," and in support thereof would show the Court as follows:

I.

Plaintiff intends discovery to be conducted under Level II of the Discovery Control Plan, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

II.

Plaintiff is a natural person and was a resident of Hidalgo County, Texas at the time this cause of action arose.

Defendant DIRECT GENERAL INSURANCE COMPANY is an insurance company or other company authorized to do business in the State of Texas. It may be served by serving its Attorney for Service, NATIONAL REGISTERED AGENTS INC, at 1999 Bryan Street Ste 900 in Dallas, TX 75201-3136.

III.

Venue is proper in this county under a permissive venue provision. Specifically, this suit is brought under the Texas Deceptive Trade Practices Act, which provides that

DATE 4/8/16
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#8

C-1152-16-E

such an action may be filed "only" in a county (1) in which venue is proper under Civil Practice & Remedies Code chapter 15, or (2) where the Defendant or its authorized agent solicited the transaction made the subject of this suit.   Tex. Bus. & Com. Code §17.56.

Venue also is proper in Hidalgo County, Texas, pursuant to the Civil Practice and Remedies Code § 15.002(a)(1) in that Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Venue is also proper in Hidalgo County, Texas pursuant to the Civil Practice and Remedies Code § 15.032 and Insurance Code § 1952.110 in that Hidalgo County is the County in which the policyholder and/or beneficiary resided when the cause of action accrued.

IV.

On or about December 23, 2011, Plaintiff was involved in a car crash with Mr. Steven Soliz. The car driven by Mr. Soliz was owned and being operated by Mr. Soliz.   At the time of the collision, Mr. Soliz was an insured with Defendant, and Defendant was Mr. Soliz's liability insurer.   Plaintiff initiated a claim with Defendant, but an amicable resolution was not reached.   On December 27, 2012, Plaintiff sent a Stowers Demand to Defendant in an attempt to resolve the case.   There being no satisfactory response and Mr. Soliz and/or Defendant on Mr. Soliz's behalf, having failed to take responsibility for the damages caused in the collision, a lawsuit was filed by Plaintiff on December 20, 2013. After being served with a lawsuit in cause number CL-13-3977-F, Mr. Soliz and/or Defendant failed to file an answer or otherwise make an appearance.   A default judgment was entered on March 11, 2014 whereby Plaintiff was awarded damages against Mr. Soliz.   After the entry of the default judgment, the Court granted and signed an "Order for Turnover Relief," which turned over to Plaintiff the causes of action that Mr.

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 4 of 15

Electronically Filed
3/10/2016 3:48:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

Soliz may have against the named Defendant in the lawsuit. Plaintiff thus brings this action against the named Defendant in this lawsuit.

The preceding occurred although Mr. Soliz arguably provided notice of the lawsuit to the Defendant along with copy of the Plaintiff's Petition. Defendant refused to defend and/or indemnify Mr. Soliz in the original lawsuit filed by Plaintiff. Defendant thus violated its obligation under the terms of the contract which coverage was provided, or should of have been provided. Hereafter this claim shall be referred as "Claim" and shall refer to claim number 1101618800, which relates to a loss date of December 23, 2011, the insured being Steven Joshua Soliz, with policy number TAD173703299.

V.

Mr. Soliz is a person entitled to make a direct claim under the terms of the policy issued by Defendant. The claims submitted by Plaintiff for personal injuries sustained on December 23, 2011, are covered under the terms issued by Defendant by virtue of the special relationship between Mr. Soliz and Defendant. Plaintiff now stands in the position of Mr. Soliz by virtue of the turnover relief granted by the Court. Defendant therefore owed Plaintiff duties of good faith and fair dealing with respect to refusing to pay benefits due when Defendant knew or should have known that there was no reasonable basis for denial. In particular, the conduct of Defendant was tortious in that among other things, Defendant did not attempt in good faith to resolve the claims being made by Plaintiff before it escalated to a lawsuit. Defendant further did not protect Mr. Soliz from exposure of an excess judgment above the limits contained in the policy of insurance issued by Defendant.

VI.
COUNT 1 - BREACH OF CONTRACT

Plaintiff hereby alleges Defendant breached its contract with Mr. Soliz. After Mr.

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 5 of 15

Electronically Filed
3/10/2016 3:48:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

Soliz had fully performed his contractual obligations, Defendant breached the contract by not properly performing Defendant's obligations under the contract. Specifically, Defendant contracted to defend and indemnify Mr. Soliz, but then when time came for Defendant to perform, Defendant refused to make such payments, protect Mr. Soliz, and/or defend Mr. Soliz.

The breach was material because Defendant did not substantially perform material obligations required under the contract. By contracting to defend and indemnify Mr. Soliz, then do neither, Defendant effectively denied Mr. Soliz the benefit of his bargain. Mr. Soliz was therefore injured by being deprived of the benefit Mr. Soliz reasonably expected.

Plaintiff's injury was a natural, probable, and foreseeable consequence of the Defendant's breach.

## VII.
## COUNT 2 – BAD FAITH

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges Defendant breached its duty of good faith and fair dealing in violation of the Texas Insurance Code. There clearly was an insurance contract between the Mr. Soliz and the Defendant, which created a duty of good faith and fair dealing. Defendant however breached this duty when it denied or delayed indemnification and/or a defense when liability was reasonably clear and Defendant knew or should have known that coverage of the claim and lawsuit was reasonably clear. As a result, the Defendant's breach proximately caused the Plaintiff's damages.

## VIII.
## COUNT 3 - BREACH OF AN EXPRESS WARRANTY

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 6 of 15

Electronically Filed
3/30/2016 3:43:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

Defendant breached an express warranty it had made to Mr. Soliz. Defendant sold an insurance policy to Mr. Soliz. Defendant made a representation to Mr. Soliz about the scope of coverage, namely that Defendant would cover all damages Mr. Soliz was legally entitled to pay and/or defend Mr. Soliz if a claim or lawsuit were brought against him. These representations were made before and during the purchase by Defendant's agent, servant, and/or employee, during the course and while acting within the scope of his employment. The representations were made as an affirmation of fact, as a promise, and by describing various damages which were to be covered. The representations became part of the "basis of the bargain" on which Mr. Soliz relied. When Mr. Soliz needed Defendant's insurance coverage, Defendant failed to comply with the representations made by the Defendant's agent, servant, and/or employee. Subsequently, Plaintiff timely notified Defendant of the breach and of her suffered injury.

IX.
COUNT 4 - FRAUD BY NONDISCLOSURE

In addition and/or in the alternative to the other counts, the Defendant and Defendant's agent, servant, and/or employee concealed from or failed to disclose certain facts to the Mr. Soliz about the insurance coverage Mr. Soliz was purchasing from Defendant. The Defendant and Defendant's agent, servant, and/or employee had a duty to fully disclose information about the insurance coverage being purchased by Mr. Soliz because the Defendant and Defendant's agent, servant, and/or employee (1) discovered new information that made an earlier representation misleading or untrue; (2) created a false impression by making a disclosure; and/or (3) voluntarily disclosed incorrect information about the vehicle warranty.

The information that was not disclosed by the Defendant and Defendant's agent, servant, and/or employee was material and Defendant and Defendant's agent, servant,

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 7 of 15

Electronically Filed
3/30/2016 3:43:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

and/or employee knew Mr. Soliz was both ignorant that Defendant was not going to pay or defend under the terms of the insurance policy. The Defendant and Defendant's agent, servant, and/or employee were deliberately silent when they had a duty to speak and by failing to disclose the facts, the Defendant and Defendant's agent, servant, and/or employee intended to induce the Mr. Soliz to take some action, namely purchase the insurance policy. Mr. Soliz relied on the Defendant's and Defendant's agent's, servant's, and/or employee's nondisclosure and Mr. Soliz was injured as a result of acting without the knowledge of the undisclosed facts.

## X.
## COUNT 5 - FRAUDULENT MISREPRESENTATION

In addition and/or in the alternative to the other counts, the Defendant and/or Defendant's agent, servant, and/or employee, during the course and while acting within the scope of his employment, made a representation to Mr. Soliz was to be covered by Defendant's insurance policy in the event of an accident. The representation was material because it was important to the Mr. Soliz in making a decision on whether to make the transaction of purchasing Defendant's insurance policy. The Defendant's and/or Defendant's agent's, servant's, and/or employee's representation was false, and consisted of words and other conduct that identified the coverage as including "duty to indemnify and duty to defend" and that suggested to the Mr. Soliz that facts were true when they were not. Defendant's and/or Defendant's agent's, servant's, and/or employee's statements were untrue, deceptive, and misleading concerning past and present facts and coverages. When the Defendant and/or Defendant's agent, servant, and/or employee made the representations, the Defendant and/or Defendant's agent, servant, and/or employee knew the representations were false, were aware of its falsity, and understood they were false. In doing so, the Defendant and/or Defendant's agent,

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 8 of 15

Electronically Filed
04/20/16 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

servant, and/or employee intended or had reason to expect that the Mr. Soliz would act in reliance on the representation and the Mr. Soliz incurred pecuniary loss in the type of transaction that the Defendant and/or Defendant's agent, servant, and/or employee intended to influence or had reason to expect the Mr. Soliz's conduct to be influenced. Mr. Soliz knew of the representations and acted on them by entering into a binding agreement based on the representations. Mr. Soliz, as an inexperienced consumer, believed the false representations when he acted on them and relied on the representations to her detriment.

## XI.
## COUNT 6 – FRAUDULENT INDUCEMENT

In addition and/or in the alternative to the other counts, the Defendant and/or Defendant's agent, servant, and/or employee, during the course and while acting within the scope of their employment, made representations to Mr. Soliz about the insurance policy he was purchasing, namely that Mr. Soliz was to be covered by Defendant's insurance policy in the event of an accident. The representations were material because they were important to the Mr. Soliz in making a decision on whether to make the transaction purchasing the insurance policy. The Defendant's and/or Defendant's agent's, servant's, and/or employee's representations were false and consisted of words and other conduct that identified the insurance policy as being a benefit to Mr. Soliz and placing on obligation on Defendant to defend and indemnify claims arising from such a collision. The facts were purported to be true when they were not. Defendant's and/or Defendant's agent's, servant's, and/or employee's statements were untrue, deceptive, and misleading concerning the duty to defend and the duty to indemnify. When the Defendant made the representations, the Defendant and/or Defendant's agent, servant, and/or employee knew the representations were false, was aware of its falsity, and

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 9 of 15

Electronically Filed
3/10/2016 3:53:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

understood they were false. In doing so, the Defendant and/or Defendant's agent, servant, and/or employee intended or had reason to expect that the Mr. Soliz would act in reliance on the representation and the Mr. Soliz incurred pecuniary loss in the type of transaction that the Defendant and/or Defendant's agent, servant, and/or employee intended to influence or had reason to expect the Mr. Soliz's conduct to be influenced. Mr. Soliz knew of the representations and acted on them by entering into a binding agreement based on the representations. Mr. Soliz, as an inexperienced consumer, believed the false representations when he acted on them and relied on the Defendant's and/or Defendant's agent, servant, and/or employee representations to his detriment.

XII.
COUNT 7 - VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges Defendant violated the Texas Deceptive Trade Practices Act. Mr. Soliz is a consumer under the Texas Deceptive Trade Practices Act because Mr. Soliz is an individual who sought and acquired services and/or goods by purchase. Tex. Bus. & Com. Code § 17.45(4).

Defendant violated the Texas Deceptive Trade Practices Act because Defendant engaged in false, misleading, or deceptive acts or practices that Mr. Soliz relied on to his detriment. Specifically, Defendant and/or Defendant's agent, servant, and/or employee:

(1) represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when it was not in violation of § 17.46(b)(7);

(2) advertised goods or services with intent not to sell them as advertised in violation of § 17.46(b)(9);

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 10 of 15

Electronically Filed
3/10/2016 3:15:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

(3) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, in violation of § 17.46(b)(12);

(4) knowingly made false or misleading statements of fact about the need for parts, replacement, or repair service in violation of § 17.46(b)(13);

(5) represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involved in violation of § 17.46(b)(20); and

(6) failed to disclose information concerning goods or services which was known at the time of the transaction since such failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered had the information been disclosed.

Defendant also violated the Texas Deceptive Trade Practices Act because Defendant breached an express warranty. Specifically, Defendant and/or Defendant's agent, servant, and/or employee breached an express warranty by making representations to the Mr. Soliz about the insurance coverage for Mr. Soliz's damages by affirmation of fact, promise, and description. The representations became part of the "basis of the bargain." The insurance coverage, however, did not comply with the representations made by the Defendant's agent, servant, and/or employee.

Defendant also violated the Texas Deceptive Trade Practices Act because Defendant and/or Defendant's agent, servant, and/or employee engaged in an

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 10 of 15

Electronically Filed
3/10/2016 3:15:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

unconscionable action or course of action, which to Mr. Soliz's detriment, took advantage of Mr. Soliz's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Specifically, Defendant and/or Defendant's agent, servant, and/or employee induced Mr. Soliz to purchase a certain insurance coverage and contracted to sell Mr. Soliz that certain insurance coverage knowing the insurance coverage was not the same as that being represented by Defendant and/or Defendant's agent, servant, and/or employee. Defendant and/or Defendant's agent, servant, and/or employee induced Mr. Soliz to so act by announcing the insurance coverage would include indemnification and a duty to defend claims made. These acts were unconscionable to the unsuspecting Mr. Soliz who lacked the knowledge, ability, experience, and capacity to properly conduct his own analysis of the insurance agreement.

Defendant also violated the Texas Deceptive Trade Practices Act because Defendant and/or Defendant's agent, servant, and/or employee engaged in conduct that is violative of the Texas Insurance Code, which to Mr. Soliz's detriment, took advantage of Mr. Soliz's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Specifically, Defendant and/or Defendant's agent, servant, and/or employee violated Texas Insurance Code Sections 541.051, 541.060, and 541.061 in that Defendant misrepresented terms of an insurance policy, misrepresented the benefits or advantages promised by any policy, employed unfair settlement practices, and made misrepresentations about the insurance policy. Defendant's conduct further caused a breach of their duty of good faith and fair dealing to Mr. Soliz, also in violation of the Texas Insurance Code.

Defendant's and/or Defendant's agent's, servant's, and/or employee's conduct was a producing cause of the Plaintiff's injuries.

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 12 of 15

Electronically Filed
3/10/2016 3:43:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

### XIII.
### COUNT 8 – DECEPTIVE INSURANCE PRACTICES

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges Defendant employed unfair and deceptive insurance practices in violation of Texas Insurance Code chapter 541. Both Plaintiff and Defendant are persons as defined by Texas Insurance Code § 541.002(2). Defendant engaged in an act or practice that violated Texas Insrance Code chapter 541, subchapter B; Texas Business & Commerce Code § 17.46(b), and Mr. Soliz relied on the act or practice to his detriment; and a tie-in provision of the Texas Insurance Code. All of these allegations are more specifically detailed in the preceding count, which allegations are incorporated herein in their entirety by reference. Defendant's conduct was a producing cause of Plaintiff's actual damages.

### XIV.
### COUNT 9 – BREACH OF STOWERS DUTY

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges Defendant breached its Stowers duty to exercise ordinary care when settling a third-part claim against its insured. Defendant had issued an insurance policy to Mr. Soliz. Mr. Soliz was the insured and Defendant was the insurer. Plaintiff offered to settle her claim against Mr. Soliz within policy limits. Defendant owed a duty to Mr. Soliz to accept reasonable settlement offers within policy limits. Defendant breached its duty by not accepting the settlement offer. As a result, Mr. Soliz was injured because it resulted in the judgment made the basis of Plaintiff's damages.

### XV.
### COUNT 10 – BREACH OF DUTY TO DEFEND

In addition and/or in the alternative to the other counts, Plaintiff hereby alleges Defendant breached its duty to defend by not defending Mr. Soliz in the claim and/or lawsuit brought against him. Defendant had issued an insurance policy to Mr. Soliz.

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 13 of 15

Electronically Filed
3/30/2016 3:45:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

Mr. Soliz was the insured and Defendant was the insurer. Defendant assumed the duty to defend Mr. Soliz against any suit that was covered by the policy. The duty to defend included the obligation to retain counsel and to pay attorney fees, expert expenses, alternative-dispute resolution fees, and other costs associated with defending a suit. Plaintiffs herein had filed a lawsuit against Mr. Soliz making allegations that, if true, would be covered by the policy issued by Defendant. As a result, Mr. Soliz was injured because it resulted in the judgment made the basis of Plaintiff's damages.

## XVI.
## DAMAGES

Defendant's breach of contract, breach of an express warranty, fraud by nondisclosure, fraudulent misrepresentation, fraudulent inducement, violations of the insurance code, violations of the Texas Deceptive Trade Practices Act, breach of Stowers Duty, and breach of Duty to Defend caused Plaintiff actual damages for which she now prays including all resultant and consequential damages. Additionally and/or alternatively, Plaintiff prays for equitable remedies including, but not limited to, specific performance on the contract. Plaintiff further prays for judgment against Defendant for the actual and special damages awarded to Plaintiff in the Court's judgment against Mr. Soliz.

Defendant's conduct and violations of the Texas Deceptive Trade Practices Act were a producing cause of the additional damages incurred by Plaintiff.

Plaintiff seeks prejudgment interest and interest on the judgment. Plaintiff seeks all liquidated and unliquidated damages in an amount that is within the jurisdictional limits of the court.

Case 7:16-cv-00176 Document 1-4 Filed in TXSD on 04/15/16 Page 14 of 15

Electronically Filed
6/10/2016 3:45:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1152-16-E

XVII.
TREBLE DAMAGES

Because Defendant acted knowingly in conduct that was in violation of the Texas Deceptive Trade Practices Act, Plaintiff is entitled to recover treble damages under the Texas Deceptive Trade Practices Act, Texas Business & Commerce Code section 17.50(b)(1).

XVIII.
EXEMPLARY DAMAGES

Plaintiff is entitled to recover exemplary damages for the fraudulent actions plead herein. Tex. Civ. Prac. & Rem. Code § 41.003(a)(1).

Plaintiff is also entitled to recover exemplary damages on account of Defendant's conduct of which was fraudulent, malicious, intentional, grossly negligent, and done with actual conscious indifference to the rights, safety, or welfare of Plaintiff.

XIX.
ATTORNEY'S FEES

Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code section 38.001 because this is a suit for breach of a written contract. Plaintiff retained counsel, who presented Plaintiff's claim to Defendant. Defendant did not tender the amount demanded within 30 days of when the claim was presented.

Plaintiff is also entitled to recover reasonable and necessary attorney fees under Texas Business & Commerce Code section 17.50(d).

XX.
NOTICE & CONDITIONS PRECEDENT

Plaintiff gave Defendant notice as required by Texas Business & Commerce Code section 17.505(a).

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

C-1152-16-E

XXI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court consider this petition and find the Defendant liable as requested in this petition. Plaintiff further prays for all costs and all other relief at law or in equity to which she may be found entitled.

Respectfully submitted,

LAW OFFICES OF RENE CASTELLANOS
4817 SOUTH JACKSON ROAD
EDINBURG, TX 78539
(956) 631-9550   TELEPHONE
(956) 631-9551   FACSIMILE
Email: court@renecastellanos.com


By: _____
RENE CASTELLANOS
Texas State Bar No. 24050393
ATTORNEY FOR PLAINTIFF