UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

DIANA HERNANDEZ            §
                                §       CIVIL ACTION NO. 7-16:CV-00176
v.                          §
                                §       JURY DEMANDED
                                §
DIRECT GENERAL INSURANCE      §
COMPANY

**DEFENDANT DIRECT GENERAL INSURANCE COMPANY'S
RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE COURT:

      Defendant Direct General Insurance Company files its Rule 12(b)(6) Motion to Dismiss

for Failure to State a Claim, and in support thereof would show the Court as follows:

## I. INTRODUCTION

      This insurance failure-to-settle suit is a direct action by an insurance claimant who

alleges she was injured in an auto accident with Direct's insured, 19-year-old Steven Soliz

("Soliz").  The insurance policy in question was not sold to Steven Soliz, but was sold to his

mother, Sylvia Trevino Soliz.  Hernandez sued Soliz ("the Underlying Suit"), took a default

judgment against him, obtained a turnover order from a Hidalgo County court purporting to

transfer rights Hernandez alleges Soliz has under the Direct auto liability insurance policy to her,

and now brings this action as the putative owner of causes of action, she alleges owned by Soliz

attempting to recover extravagant extra-contractual damages.

      In essence, Hernandez is attempting to convert a $30,000 auto liability policy into a

$100,000+ recovery, while making no attempt to show the Underlying Suit was ever tendered to

Direct, that the claim was covered, or that a reasonable settlement demand within policy limits

was ever made against Soliz to Direct.  All arising out of an accident Direct determined to be

cause by Hernandez' own negligence; and consequently, the claim was denied many months before the filing of the Underlying Suit.  Notably, Hernandez has **not** asserted a cause of action seeking recovery due to Soliz' liability for the accident – a potentially covered claim (to Soliz under the policy). Although we can only speculate on Hernandez and her attorney's decision not to pursue such recovery, possibilities include (a) she knows her claim against Soliz was not covered, and (b) she has no interest in limiting her claim to the $30,000 policy limit, despite her inability to demonstrate either liability or damages during the claim investigation. Her sights are set much higher.

Plaintiff has alleged the following causes of action against Direct, in vague and generically pleaded terms, based on no clearly stated factual basis; all of which are subject to Direct's Motion for More Definite Statement:

- Breach of contract;
- Breach of the common-law duty of good faith and fair dealing;
- Breach of express warranty;
- Fraud by nondisclosure;
- Fraudulent misrepresentation;
- Fraudulent inducement;
- Assorted DTPA violations;
- Unspecified Insurance Code Chapter 541 violations;
- Breach of *Stowers* duty; and
- Breach of duty to defend.

Hernandez' claims must be dismissed at this early stage for three reasons:

1. The only common-law tort cause of action recognized by Texas law on the facts the Plaintiff presents is *Stowers*;

2. A *Stowers* claim is an inherently personal right not subject to turnover as a matter of law; and

3. The Hidalgo County court exceeded its statutory authority by attempting to turn over claims directly to Plaintiff instead of to a receiver as required by the statute, rendering the entire turnover order invalid.

As a result, Hernandez has no ability to assert **any** claims against Direct under the turnover order. Hernandez's **only** legitimate route to **potential** recovery from Direct is as a judgment creditor holding a judgment against the insured for a **covered** claim – a route Hernandez has chosen not to take. Therefore, all Hernandez's claims asserted in this suit must be dismissed.

Direct further contends Plaintiff has no standing to assert any causes of action which she claims to hold by way of the turnover order because none of Soliz's rights under the policy are contractually transferable, and the Hidalgo County court has no power to force Direct to waive its contractual non-transfer clause. This issue relies on the introduction of the policy as evidence and therefore will not be addressed in this 12(b)(6) motion, but Direct does not waive it and will address this issue by summary judgment at the proper stage of this proceeding

## II.  NATURE AND STAGE OF THE PROCEEDING

The Underlying Suit was filed against Direct's insured, Steven Soliz, in Hidalgo County on December 20, 2013.  It alleged personal injuries resulting from an auto collision.  Hernandez has not been presented any evidence Soliz or his mother ever tendered the Underlying Suit to Direct and requested a defense. Nor has Hernandez presented any evidence that Soliz was at fault in causing the accident or that Hernandez sustained significant injuries.  Direct's own investigation confirms otherwise.  Hernandez took a default judgment against Soliz on March 11, 2014.  Nearly two years later, on February 23, 2016, Hernandez presented a turnover order to the Hidalgo County court and obtained entry of the order purporting to transfer all of Soliz' causes of action against his auto liability insurer(s) directly to Hernandez.[1] Hernandez filed this suit 16 days later asserting a wide array of causes of action arising out of Direct's alleged failure to

---

[1]  Neither the default judgment nor the turnover order are currently before this Court due to Plaintiff's failure to attach them to her petition, an issue addressed in Direct's Motion for More Definite Statement.  However, for purposes of this motion under the 12(b)(6) standard, Direct accepts as true Hernandez's allegations that she obtained these orders and that the turnover order purports to transfer the pleaded causes of action.

settle Hernandez's claim against Soliz.  Yet, Hernandez has not submitted any evidence that a settlement offer within policy limits was ever made to Direct.

## III. STATEMENT OF ISSUES

1.      Plaintiff attempts to allege causes of action against Direct which are not recognized under Texas law.  Plaintiff has pleaded a *Stowers* cause of action.  But her *Stowers* claim, to the extent she has standing to assert it, is the only common-law claim recognized by Texas law in the third-party liability context. Moreover, Texas courts have also held that statutory obligations under the Texas Insurance Code and DTPA in connection with liability policies are congruent with the *Stowers* duty, leaving the *Stowers* elements as the sole route to recovery of extra-contractual claims.

2.      A failure-to-settle claim under *Stowers*, the gravamen of this entire suit, is an inherently personal right not legally subject to turnover or involuntary assertion, and thus Hernandez cannot now be the owner of Soliz's *Stowers* claim.

3.      The Hidalgo County court exceeded its statutory authority under TEX. CIVIL PRAC. & REM. CODE Chapter 31 by attempting to transfer property directly to Plaintiff rather than appointing a receiver, rendering the entire turnover order invalid and leaving Plaintiff holding nothing.

## IV. STANDARD OF REVIEW

A court is authorized to dismiss a claim for failure to state a claim upon which relief can be granted if it appears beyond doubt that a plaintiff can provide no set of facts to support his claim that would entitle him to relief.[2]  In making such a determination, the court construes the

---

[2] *See Kaiser Aluminum and Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983);  s*ee also F.D.I.C. v. Nathan*, 804 F.Supp. 888, 891 (S.D. Tex. 1992).

complaint liberally in favor of the plaintiff and accepts as true all well-pleaded facts.[3]  To be "well-pleaded," however, a complaint must state specific facts to support the claim, not merely legal and constitutional conclusions.[4]  When evaluating whether a claim has been stated for purposes of a motion to dismiss, conclusory allegations are not accepted as true.[5]  A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts consistent with its allegations that would entitle it to relief.[6]

## V. ARGUMENT & AUTHORITIES

**A.    The only tort cause of action applicable to third-party claims is *Stowers*.**

Hernandez has asserted a *Stowers* claim and a claim for breach of contract.[7]  Plaintiff has also pleaded numerous additional causes of action which have never been recognized under Texas law.

Aside from her *Stowers* claim, all of Hernandez's extra-contractual claims are invalid under Texas law.  First, Texas law does not recognize any compensable cause of action for breach of the duty of good faith and fair dealing with respect to a third-party claim.[8]  In 1997, the Texas Supreme Court expressly stated in *Universe Life Ins. Co. v. Giles* that it had recognized the bad faith tort <u>only</u> in the first-party context—that is, when an insured seeks coverage for its own loss.  The court refused to apply a higher standard to third-party claims than the existing

---

[3] *Kaiser Aluminum*, 677 F.2d at 1050.
[4] *Higdon v. Hensley*, 49 F.3d 728 (5th Cir. 1995) (unpublished opinion).
[5] *Fernandez-Monies v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993); *Lewis v. Law-Yone*, 813 F.Supp. 1247, 1252-53 (N.D. Tex. 1993).
[6] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).
[7] Hernandez also pleaded a separate claim for "breach of duty to defend," which is merely another way of claiming breach of contract.
[8] *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 53 n.2 (Tex. 1997) (*citing Maryland Ins. Co. v. Head Indus. Coatings and Services, Inc.,* 938 S.W.2d 27, 28 (Tex. 1996) (per curiam); *Tex. Farmers Ins. Co. v. Soriano,* 881 S.W.2d 312, 317 (Tex.1994) ("Significantly, each of these cases involves the insurer's duty to its insured in handling first-party claims. We have never held and do *not* hold today that either of these two standards applies to insurers in responding to third-party claims.") (emphasis in original).

standard created by *G.A. Stowers Furniture Co. v. American Indem. Co.*[9]  No Texas court since *Giles* has extended the common-law tort of bad faith to third-party claims, and Texas and federal courts have confirmed since then the *Stowers* duty is the sole common-law duty owed by an insurer in the handling of a third-party liability claim.[10]

Further, in discussing related statutory claims under the Texas Insurance Code, the Texas Supreme Court also held that the contours of the existing statutory claims are identical to the common-law standard created under *Stowers*, which essentially creates a cause of action for negligent failure to accept a reasonable settlement demand within policy limits.[11]  Thus, the Texas Supreme Court, in addressing the issue from several different angles over the years, has sent the clear message that the *Stowers* duty continues to define the outer boundaries of a liability carrier's extra-contractual obligations to its insured.

Accepting all pleaded facts as true, Plaintiff's Original Petition, to the extent it attempts to state claims for common-law torts beyond *Stowers*, does not allege a cause of action for which relief can be granted.  Because no such claims exist under Texas law, there is no set of facts Plaintiff can plead or prove to obtain extra-contractual relief outside of *Stowers*.

**B.      A Stowers claim is not subject to turnover.**

The turnover order signed by the Hidalgo County court in the Underlying Suit, on which all of Plaintiff's claims are based, is governed by TEX. CIVIL PRAC. & REM. CODE Chapter 31, which gives Texas courts the following authority:

---

[9]   15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).
[10]   *Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.,* 236 S.W.3d 765, 776 (Tex. 2007) ("An insurer's common law duty in this third party context is limited to the *Stowers* duty to protect the insured by accepting a reasonable settlement offer within policy limits. … *Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands."); *Ford v. Cimarron Insurance Co.,* 230 F.3d 828, 832 (5th Cir. 2000) (holding "…the *Stowers* duty is the only common law tort duty Texas currently recognizes in third party insurance claims.").
[11]   *See Rocor Intern., Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 260 (Tex. 2002) ("…we believe that *Stowers* provides an appropriate framework for understanding and applying the statutory standard.").

> (b) The court may:
>  (1) order the judgment debtor to turn over nonexempt property that is in the
>      debtor's possession or is subject to the debtor's control, together with all
>      documents or records related to the property, to a designated sheriff or
>      constable for execution;
>  (2) otherwise apply the property to the satisfaction of the judgment; or
>  (3) appoint a receiver with the authority to take possession of the nonexempt
>      property, sell it, and pay the proceeds to the judgment creditor to the
>      extent required to satisfy the judgment.[12]

Generally, causes of action against third parties constitute property subject to turnover by a court.[13]   However, this is only true of "a judgment creditor who [has] the same interest in pursuing them to maximum value as the judgment debtor."[14]   Failure-to-settle claims against liability insurers are in a special class because the judgment creditor and the judgment debtor generally do **not** have the same interest in ensuring that the claim settle within the policy limits.[15] The *Charles* court therefore held a *Stowers* claim in particular is an essentially personal right **not subject to involuntary** assertion.[16]

In this case, Hernandez's and Soliz's interests could not be more different. Soliz presumably is interested in limiting his personal exposure to Hernandez's injury claims (to the extent he is more than 50% responsible for the accident), although it is unknown why he did not tender the Underlying Suit to Direct and seek protection.  Perhaps he believed Hernandez's claim was frivolous.  Hernandez, on the other hand, appears to be interested in converting someone else's $30,000 auto liability policy into a $100,000+ recovery – on a claim which Direct denied before Hernandez sued Soliz because its investigation determined Hernandez herself was primarily at fault.  Therefore, the *Stowers* claim is not subject to turnover and the Hidalgo County court's turnover order is invalid to the extent it purports to turn over a *Stowers* claim.

---

[12] TEX. CIVIL PRAC. & REM. CODE § 31.002.
[13]  *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, pet. denied) (*citing Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort Worth 2006, pet. denied)).
[14]  *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding).
[15]  *See D&M Marine*, 409 S.W.3d at 857 (*citing Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, *writ denied*).
[16]  *Id.* (emphasis added).

7

**C.      The court had no authority to transfer any of the claims directly to Hernandez.**

Under the statutory scheme discussed above, a Texas court generally has no authority to order a judgment debtor to transfer his or her property directly to his or her judgment creditor.[17] In this case, the Hidalgo County court went even further and ordered the causes of action transferred directly to Plaintiff in the absence of Soliz. Although certain Texas courts have held that § 31.002 (b)(2) grants a court authority to order turnover of certain types of property directly to the judgment creditor, they have done so only in narrowly prescribed circumstances when the property at issue consists of money or property whose value can be definitively determined in the turnover hearing.[18] That is not the case here, where the property described in the order was legal causes of action whose value is disputed, and which Direct contends are of no value because it did not violate any duties it may have owed to Soliz. Therefore, because it exceeded the court's statutory authority, the entire turnover order is invalid.

## VI.  CONCLUSION AND PRAYER

The only legally cognizable claims Plaintiff has asserted are breach of contract and *Stowers* – all other claims described in her petition are not recognized under Texas law for a third-party liability insurance claim.  And because a *Stowers* claim is not legally subject to turnover, the turnover order purporting to transfer it is invalid.  Moreover, Plaintiff owns **nothing** because the turnover order improperly attempted to transfer all of Soliz' causes of action directly to her instead of to an appointed receiver.   Therefore, Defendant Direct General Insurance

---

[17]   *See Ex parte Johnson*, 654 S.W.2d 415, 419 (Tex. 1983) (holding improper turnover of assets directly to judgment creditor was error); *Lozano v. Lozano*, 975 S.W.2d 63, 69 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (holding the turnover statute does not authorize the transfer of property in kind directly to the judgment creditor); *Copher v. First State Bank*, 852 S.W.2d 738, 739 (Tex. App.—Fort Worth 1993, no pet.).

[18]   *See Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d at 762 (holding §31.002(b)(2) gives court power to dispense with appointment of a receiver only when dealing with money or property whose value can be determined in the turnover hearing).

Company respectfully asks the Court to DISMISS Plaintiff's claims under the authority of Fed.

R. Civ. P. 12(b)(6), and for all other relief to which it may be justly entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

*/s/ Christopher W. Martin*

**Christopher W. Martin**
State Bar No. 13057620
Federal I.D. 13515
808 Travis Street, 20th Floor
Houston, Texas  77002
Email: martin@mdjwlaw.com
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:     (713) 632-1700
Facsimile:     (713) 222-0101

**Barrie J. Beer**
State Bar No. 02040750
Federal I.D. 14677
beer@mdjwlaw.com
**Amber R. Dunten**
Texas Bar No. 24010004
Federal I.D. 31660
dunten@mdjwlaw.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of **DEFENDANT DIRECT GENERAL INSURANCE COMPANY'S RULE 12(B)(6) MOTION TO DISMISS** was served this 22nd day of April, 2016 on the following counsel of record by the method specified:

| | |
|---|---|
| Rene Castellanos<br>Law Offices of Rene Castellanos<br>4817 South Jackson Road<br>Edinburg, Texas 78539 | *Via Fax: (956) 631-9551 and*<br>*Email: court@renecastellanos.com* |

*/s/ Amber R. Dunten*

Amber R. Dunten